UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-v-

GAVIN WOLFE and JASON SATSKY,

Defendants,

-and-

EVERGREEN CAPITAL L.P., EVERGREEN FINANCIAL LLC, EMPIRE PROPERTY MANAGEMENT LLC, GAW HOLDINGS, LLC, SA 1055 LLC, SA 1057 LLC, SA 1082 LLC, and SA 1083 LLC,

Relief Defendants,

---------------------------------------------------------------------- X

26 Civ. 7132 (JPC)

OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

On November 3, 2026, Plaintiff Securities and Exchange Commission ("SEC"), on one hand, and Defendants Gavin Wolfe and Jason Satsky and Relief Defendants (collectively, "Defendants"), on the other, each filed letters requesting entry of their version of a protective order to govern the handling of sensitive material disclosed in discovery. Dkts. 59, 60. The parties' dispute centers around whether the protective order should include the following provision: "Notwithstanding the foregoing or any other provision of this Order, nothing in this Order shall prevent the Securities and Exchange Commission from using or disclosing any materials, including Confidential Information, in a manner consistent with the Commission's duties and authorities pursuant to any applicable law and regulations." Dkt. 59 ("Defts. Ltr.") at 1; Dkt. 60 ("SEC Ltr.") at 1. The SEC seeks inclusion of this language, while Defendants oppose it.

The Court agrees with the SEC. Pursuant to 15 U.S.C. § 78x(c), the SEC "may, in its discretion and upon a showing that such information is needed, provide all 'records' (as defined in subsection (a))[1] and other information in its possession to such persons, both domestic and foreign, as the Commission by rule deems appropriate if the person receiving such records or information provides such assurances of confidentiality as the Commission deems appropriate." Citing this statutory language, the Honorable Jennifer L. Rochon recently adopted nearly identical language for a protective order. *See S.E.C. v. Leibowitz*, No. 25 Civ. 2155 (JLR), 2025 WL 1677758, at *1-2 (S.D.N.Y. June 13, 2025) (approving, with one modification, the SEC's proposed protective order "[g]iven the Commission's statutory authority, conferred by Congress, to share materials in its discretion with certain federal, state, and local entities").[2] This Court likewise concludes that the SEC's proposal, which would allow the SEC to disclose discovery materials "in a manner consistent with the Commission's duties and authorities pursuant to any applicable law and regulations," squarely aligns with its statutory discretion to disclose information "upon a showing that such information is needed . . . as the Commission by rule deems appropriate if the person receiving such information provides such assurances of confidentiality as the Commission deems appropriate," 15 U.S.C. § 78x(c). Defendants have identified no persuasive basis to deviate from that statutory scheme in connection with the protective order in this case. *See Leibowitz*, 2025 WL 1677758, at *2 (explaining that "[t]o augment the statutory scheme without a specific showing of good cause would be to undermine the Congressional confidence placed in the Commission" (quoting *S.E.C. v. Vuuzle Media Corp.*, No. 21 Civ. 1226 (KSH) (CLW), 2022 WL 577968, at *8 (D.N.J. Feb. 14,

---

[1] Section 78x(a) defines "records" to "include[] all applications, statements, reports, contracts, correspondence, notices, and other documents filed with or otherwise obtained by the Commission pursuant to this chapter or otherwise." 15 U.S.C. § 78x(a).

[2] Judge Rochon's modification to the SEC's proposed language in *Leibowitz* was to "excise [its] reference to section 1662," 2025 WL 1677758, at *2, which is not included in the SEC's proposal here.

2022), *aff'd*, 2022 WL 1156762 (D.N.J. Apr. 19, 2022)) (alteration in original)).

The authorities cited by Defendants do not compel a different conclusion. *See* Defts. Ltr. at 1-2. Although the protective order in *Securities and Exchange Commission v. Simeo*, No. 19 Civ. 8621 (JPC) (RWL) (S.D.N.Y. Mar. 18, 2020), Dkt. 15-2, lacked the provision at issue here, that order was on stipulation of the parties and thus its entry did not reflect a determination that such language was inappropriate. In *Securities and Exchange Commission v. Pulier*, No. 17 Civ. 7124, 2020 WL 553571 (C.D. Cal. Jan. 30, 2020), the court declined to adopt similar language because "the SEC ha[d] not provided any authority as to why the protective order should include" a provision permitting it to "use [or] disclose . . . any materials to the extent required by law." *Id.* at *1-2. But as discussed above, the SEC has done so here. *See* SEC Ltr. at 1-2. Finally, the quote on which Defendants rely in *Securities and Exchange Commission v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262 (10th Cir. 2010), only confirms that the SEC agree not to disclose materials to other law enforcement agencies, but in no way undermines the agency's statutory authority to disclose pursuant to Section 78x(c) in the absence of such a restriction. There, the victim of a securities fraud scheme agreed to aid the SEC in its suit against the fraudster defendant, under cover of two protective orders. *Id.* at 1266. Those protective orders stated that any confidential information provided by the victim could only be disclosed to others "for purposes of pursuing the SEC action and related litigation" and prohibited such disclosure to anyone other than the United States Attorney's Office. *Id.* at 1267. Nevertheless, the SEC disseminated the victim's information such that it ended up in the hands of the Internal Revenue Service. *Id.* at 1267-68. The Tenth Circuit held that, as relevant here, the SEC was bound by its protective orders and its choice not to share the victim's information with other agencies for other purposes, even if it otherwise would have had the authority to do so. *Id.* at 1273 ("The assertion of a law enforcement purpose is insufficient, without more, to justify actions in derogation of a valid protective order."). Therefore,

*Merrill Scott & Associates* involved a completely different set of facts and is inapposite as well.

Accordingly, the Court grants the SEC's request and denies Defendants'. The Court will separately enter the protective order incorporating the SEC's proposed language. The Clerk of Court is respectfully directed to close Docket Numbers 59 and 60.

SO ORDERED.

Dated: November 5, 2026
New York, New York

JOHN P. CRONAN
United States District Judge