**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GAVIN WOLFE and JASON SATSKY

Defendants,

-and-

EVERGREEN CAPITAL L.P., EVERGREEN FINANCIAL LLC, EMPIRE PROPERTY MANAGEMENT LLC, GAW HOLDINGS, LLC, SA 1055 LLC, SA 1057 LLC, SA 1082 LLC, and SA 1083 LLC,

Relief Defendants.

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

26-cv-7132-JPC

JOHN P. CRONAN, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, subject to contempt of Court:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation assets, securities, bank accounts, and brokerage accounts);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed information relating to business plans and operations;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information this Court subsequently affords confidential status.

3. Once a case proceeds to trial, and subject to any restrictions imposed by the Federal Rules of Civil Procedures and Local Rules of United States District Courts for the Southern and Eastern Districts of New York relating to among other things the use of personally identifiable information, including Federal Rule of Civil Procedure 5.2, information that was

designated as Confidential or maintained pursuant to this Protective Order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, unless the district court decides to redact or otherwise place certain information or documents under seal or unavailable to the public. Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial as to all such information that becomes public.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Subject to Protective Order" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it

previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing and reproducing such Discovery Material with the "Subject to Protective Order" designation. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver by a Party or person of its right to object to the admissibility of any document, testimony, or other evidence; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. The inadvertent or unintentional disclosure by the parties of any privileged material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege. The parties expressly agree that Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern the matters to which they are directed. Nothing herein shall prevent the parties from challenging the privileged status of any inadvertently or unintentionally produced documents.

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers and videographers engaged to transcribe and/or record depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit

hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

12. The parties are expected to comply with the Court's Individual Rule and Practice 4 concerning redactions and sealed filings. The parties acknowledge that the fact that information is subject to a confidentiality agreement or protective order between litigants is not, by itself, a valid basis to overcome the presumption of favor of public access to judicial documents.

13. The failure of any party to object to the designation of information as Confidential shall not be deemed an admission that such information qualifies for such designation, nor shall it preclude a subsequent challenge to the designation of information as Confidential. In the event any party disagrees with the designation of any information as Confidential, the objecting party must serve a written objection (identifying the subject information with specificity, including by identifying production numbers) upon the designating party, and the parties shall meet and confer within seven days of receipt of such written objection to discuss the validity of that designation. To the extent that the dispute is not resolved through the meet-and-confer process, the designating party shall, within thirty days of the conclusion of

the meet-and-confer process, move the Court for a finding that the subject information is Confidential. If the designating party does not so move within the time period set forth in this Paragraph, the identified information shall lose its Confidential protection, unless the parties agree otherwise or the Court orders otherwise. If the designating party does so move within the time period set forth in this Paragraph, the subject information shall retain its protection as Confidential unless and until the Court rules otherwise.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Notwithstanding the foregoing or any other provision of this Order, nothing in this Order shall prevent the Securities and Exchange Commission from using or disclosing any materials, including Confidential Information, in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws and regulations.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days after the conclusion of this action, including all appeals, and subject to the procedures set forth below, any and all originals and copies of Discovery

Materials maintaining a Confidential designation shall, at the option of the Producing Party, be returned to the Producing Party or destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order except as set forth in Paragraph 3. Pursuant to Section 1226.14(e) of Title 36 of the Code of Federal Regulations, Plaintiff Securities and Exchange Commission (the "SEC") shall notify the National Archives and Records Administration ("NARA") that records are to be destroyed in response to this Order. Accordingly, within 10 days after the conclusion of the action, the SEC will so notify NARA and provide a copy of this Order. If NARA does not object to the destruction of these records within 60 days after the conclusion of the action, the SEC will comply with this Order. If NARA objects to destruction of these records, the SEC will maintain the records in accordance with its routine document retention practices, unless the Court orders otherwise, either *sua sponte* or upon application by the Defendants or Relief Defendants. Upon request from any party to this action or Producing Party, a party shall provide written certification that it has complied with this Paragraph.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

John P. Cronan
United States District Judge
November 6, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GAVIN WOLFE and JASON SATSKY

Defendants,

-and-

EVERGREEN CAPITAL L.P., EVERGREEN FINANCIAL LLC, EMPIRE PROPERTY MANAGEMENT LLC, GAW HOLDINGS, LLC, SA 1055 LLC, SA 1057 LLC, SA 1082 LLC, and SA 1083 LLC,

Relief Defendants.

**NON-DISCLOSURE AGREEMENT**

26-cv-7132-JPC

I, ________________________________, acknowledge that I have read and understand the Confidentiality Agreement and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_________________________
Dated: